IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| MARK ALAN LYNCH, ) | |
| CYNTHIA LEE LYNCH, ) | Bankruptcy No. 09-01894 |
| ) | |
| Debtors. ) | |

**ORDER RE: APPLICATION FOR AUTHORIZATION TO USE
DISPOSABLE INCOME**

This matter came before the undersigned for hearing on March 9, 2011. Debtors Mark and Cynthia Lynch appeared with Attorney Richard Hansen. Carol F. Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtor Mark Lynch incurred $1,736.23 in medical expenses from a motorcycle accident in Wyoming last April. He wishes to use part of a $2,864 bonus from John Deere to pay these expenses. His medical insurance provider declined to cover the out-of-state expenses because they were not preapproved. Debtor's union has appealed the provider's denial of coverage, without success.

Trustee objects. She states Debtors' disposable income payments have fallen short of projections. Debtors' plan was confirmed on September 8, 2009. It anticipates that all disposable income, including profit sharing payments, bonuses and tax refunds, would be paid into the plan along with fairly minimal monthly plan payments of $67.57. Annual plan payments totaling $18,066 would be received from profit sharing and tax refunds. The plan notes that in 2009 Debtors received $2168 net profit sharing and $390 net tax refunds. Trustee's objection calculates unsecured creditors will receive approximately 32% of their claims if Debtors'

application is granted, compared to approximately 38% if the plan is completed as confirmed.

## CONCLUSIONS OF LAW

Debtors request permission to keep disposable income to pay a postpetition debt. This Court considers various factors in determining whether a debtor should be permitted to retain disposable income to pay postpetition expenses. In re Lynch, 415 B.R. 712, 713 (Bankr. N.D. Iowa 2009).

> These factors include (1) whether the expenses are necessary and the amounts reasonable; (2) whether the expenses fall within the expense categories in Schedule J; (3) whether the particular expense was foreseeable within the category; and (4) whether there is sufficient money within the category to pay the expense. A court may also consider "the amount of the debtor's [disposable income], . . . the debtor's yearly income and expenses, the debtor's overall budget, the number and nature of the debtor's dependents, the amount being paid into the debtor's plan, the dividend being paid to unsecured creditors, and the length of the debtor's plan."

Id. at 713-14 (citations omitted).

## POSTPETITION DEBT IN CHAPTER 13

Courts have noted that § 362(a) does not prohibit the prosecution of an action by a creditor against a debtor to collect a post-petition debt. See 11 U.S.C. § 362(a)(1) (prohibiting the commencement or continuation of judicial proceedings against a debtor to "recover a claim against the debtor that arose before the commencement of the [bankruptcy case.]"); In re Jackson, 403 B.R. 95, 100 (Bankr. D. Idaho 2009); Conner v. Howe, 344 F. Supp. 2d 1164, 1171 (S.D. Ind. 2004). A creditor's attempt to enforce its judgment by imposing a lien against property of the bankruptcy estate, however, is prohibited by § 362(a)(4) (preventing "any act to create, perfect, or enforce a lien against property of the estate[.]"). Jackson, 403 B.R. at 100. Also, if the action seeks to obtain property of the estate, it is barred by § 362(a)(3) (prohibiting "any act to obtain possession of . . . or to exercise control over property of the estate"). Conner, 344 F. Supp. 2d at 1171.

In Chapter 13, property of the estate includes property acquired during the pendency of the case. Education Assistance Corp. v. Zellner, 827 F.2d 1222, 1224 (8th Cir. 1987); 11 U.S.C. § 1306(a)(1). After confirmation, the "estate consists of the property and future earnings of the debtor dedicated to fulfillment of the Chapter 13 plan." Security Bank v. Neiman, 1 F.3d 687, 691 (8th Cir. 1993) (citation omitted).

Postpetition creditors may elect to voluntarily participate in a Chapter 13 plan but cannot be forced to do so. In re Laymon, 360 B.R. 902, 904 (Bankr. E.D. Ark. 2007). Only the entity that holds a postpetition claim may file a proof of claim under § 1305(a)(2). Id. Unlike prepetition creditors, a postpetition creditor who does not file a proof of claim does not have an "allowed claim" which can be treated in a Chapter 13 plan. In re Weisel, 400 B.R. 457, 472 (Bankr. W.D. Pa. 2009), aff'd 428 B.R. 185 (W.D. Pa. 2010). Debtors may not "sidestep" § 1305(a)'s requirements through post-confirmation modification of a Chapter 13 plan under § 1329. In re Sims, 288 B.R. 264, 268 (Bankr. M.D. Ala. 2003). Medical bills arising postpetition are within the purview of § 1305(a). Id. at 267. In Sims, the court noted that postpetition creditors may elect not to file a claim, waive participation in the plan and seek to recover against the debtor after the Chapter 13 case is closed. Id. at 268-69.

## ANALYSIS

Debtors propose to use funds from a bonus from John Deere, which is disposable income committed to their Chapter 13 plan, to pay medical bills incurred after confirmation of their plan. This disposable income is considered property of the bankruptcy estate which is protected by the automatic stay from attachment by postpetition creditors. Debtors' confirmed plan promises to pay this type of income to Trustee for distribution to prepetition creditors. As the creditor holding the debt has not elected to file a proof of claim, it cannot be forced to participate in the plan. It has the option, however, of seeking to recover against Debtors after the Chapter 13 case is closed.

The Court has considered the factors from the 2009 Lynch decision to determine whether Debtors should be permitted to retain this disposable income to pay the postpetition medical bills. The expenses appear to be reasonable and

necessary and not foreseeable.  As noted by Trustee, however, Debtors' monthly payments are fairly minimal and post-confirmation disposable income payments have not met projections.  Debtors' 60-month plan pays unsecured creditors approximately 38% of their claims.  Allowing Debtors to pay the postpetition medical bills will reduce that dividend to 32%.

Although the factors do not overwhelmingly favor Debtors over Trustee's position on behalf of prepetition creditors, the Court concludes that Debtors' Application to use the bonus to pay postpetition medical bills should not be approved.  Prepetition creditors are entitled to receive payments of Debtors' disposable income through the confirmed Chapter 13 plan.  Debtors' disposable income is protected from postpetition creditors by the automatic stay.  The medical bills, which are not allowed claims treated under the plan, will not be included in the discharge and can be collected from Debtors after the plan is complete.  In the meantime, prepetition creditors can receive payments from Trustee as contemplated by the Order confirming the plan.

**WHEREFORE**, Debtors' Application for Authorization to Use Disposable Income is DENIED.

Dated and Entered:

March 22, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE